UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES A. MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 25-1025 (RBW) |

**ANSWER**

Defendant, the U.S. Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, respectfully submits this Answer to the Complaint, ECF No. 1, filed by the James A. Murphy ("Murphy" or "Plaintiff") in this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

**RESPONSES TO THE NUMBERED PARAGRAPHS**

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like number paragraphs as follows:

**COMPLAINT**[1]

1. The allegations in this paragraph consist of Plaintiff's characterization of this lawsuit to which no response is required. To the extent that a response is deemed required, Defendant admits that this action purports to be brought under the Freedom of Information Act (FOIA) 5 U.S.C. § 552 et seq.

2. The allegations in this paragraph purport to characterize a FOIA request. That record speaks for itself, and Defendant respectfully refers the Court to that request as the best evidence of its contents and denies any allegations inconsistent therein.

3. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the authority cited by Plaintiff and denies any allegations in this paragraph inconsistent therein.

4. The allegations in this paragraph do not set forth a claim of relief or aver facts in support of a claim, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the website cited by Plaintiff and denies any allegation in this paragraph inconsistent therein.

5. The allegations in this paragraph do not set forth a claim of relief or aver facts in support of a claim, to which no response is required. To the extent that a response is deemed

---

[1] For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

required, Defendant respectfully refers the Court to the website cited by Plaintiff and denies any allegation in this paragraph inconsistent therein.

6. The allegations in this paragraph do not set forth a claim of relief or aver facts in support of a claim, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the website cited by Plaintiff and denies any allegation in this paragraph inconsistent therein.

7. The allegations in this paragraph do not set forth a claim of relief or aver facts in support of a claim, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the website cited by Plaintiff and denies any allegation in this paragraph inconsistent therein.

8. The allegations in this paragraph do not set forth a claim of relief or aver facts in support of a claim, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations as characterized by Plaintiff.

9. Defendant admits Plaintiff submitted a FOIA request dated February 12, 2025, and respectfully refers the Court to the FOIA request for a complete and accurate description of its contents and denies any allegations inconsistent therein.

10. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

11. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## JURISDICTION AND VENUE

12. This paragraph consists of legal conclusions concerning subject matter jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that the

Court has subject-matter jurisdiction over actions involving proper FOIA requests and subject to all of the terms and limitations of FOIA.

13. This paragraph consists of legal conclusions concerning venue, to which no response is required. To the extent any response is required, Defendant admits that venue is proper in this District.

## PARTIES

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Defendant admits that it is a component of the Department of Homeland Security ("DHS") and is subject to the provisions of the FOIA, 5 U.S.C. § 552(f)(1) and that it may have possession of certain records requested by Plaintiff. Defendant denies all remaining allegations.

## BACKGROUND

### A. Bitcoin Explained

16. The allegations in this paragraph do not set forth a claim of relief or aver facts in support of a claim, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations as characterized by Plaintiff.

17. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**B. DHS Interviewed Bitcoin Creator Satoshi Nakamoto**

24. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence

or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

28. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

29. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**C. Mr. Murphy's FOIA Request**

30. Defendant admits that Plaintiff submitted a FOIA request to DHS dated February 12, 2025, and respectfully refers the Court to the FOIA request for a true and complete reading of its contents and denies any allegations inconsistent therein. Defendant denies the remainder of this paragraph.

31. Defendant admits that Plaintiff submitted a FOIA request to DHS dated February 12, 2025, and respectfully refers the Court to the FOIA request for a true and complete reading of its contents and denies any allegations inconsistent therein.

32. Paragraph 32 consists of Plaintiff's characterization of its FOIA request, which speaks for itself. Defendant respectfully refers the Court to the FOIA request for a true and complete reading of its contents and denies any allegations inconsistent therein.

33. Paragraph 33 consists of Plaintiff's characterization of its FOIA request, which speaks for itself. Defendant refers the Court to the FOIA request for a true and complete reading of its contents and denies any allegations inconsistent therein.

34. Paragraph 34 consists of Plaintiff's characterization of its FOIA request, which speaks for itself. Defendant respectfully refers the Court to the FOIA request for a true and complete reading of its contents and denies any allegations inconsistent therein.

35. Defendant admits that the DHS Privacy Office sent a letter dated February 13, 2025, acknowledging receipt of Plaintiff's FOIA request dated February 12, 2025, and respectfully refers the Court to the letter for a true and complete reading of its contents and denies any allegations inconsistent therein

36. Defendant admits the DHS Privacy Office referred the FOIA request to ICE, and respectfully refers the Court to the letter for a true and complete reading of its contents and denies any allegations inconsistent therein.

37. Defendant admits that on or about February 19, 2025, ICE sent an email to Plaintiff advising the February 12, 2025, FOIA request would continue to be processed under Plaintiff's prior submitted FOIA request, 2025-ICFO-17214.

38. Defendant admits that on or about February 19, 2025, Plaintiff sent an email to Defendant, and respectfully refers the Court to the email for a true and complete reading of its contents and denies any allegations inconsistent therein.

39. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendant admits that as of the filing of the Complaint a final response to Plaintiff's FOIA request was not provided and denies the remaining allegations in this paragraph.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**

40. Defendant incorporates by reference its responses to paragraphs one through thirty-nine above.

41. Defendant admits that DHS is a federal agency subject to the provisions of the FOIA, 5 U.S.C. § 552(f)(1).

42. Defendant admits Plaintiff submitted a FOIA request dated February 12, 2025, and respectfully refers the Court to the FOIA request for a complete and accurate description of its contents and denies any allegations inconsistent therein.

43. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

44. This paragraph asserts conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

45. This paragraph asserts conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

46. This paragraph asserts conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

47. This paragraph asserts conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

48. This paragraph asserts conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

**PRAYER FOR RELIEF**

The remainder of the complaint contains Plaintiff's requested relief, not factual allegations to which a response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a. Defendant is entitled to invoke all exemptions and other defenses available under the Freedom of Information Act and the Privacy Act.

**SECOND DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**THIRD DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter.

**FOURTH DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for Defendant to process Plaintiff's FOIA request.

**FIFTH DEFENSE**

Plaintiff is not entitled to the injunctive relief requested.

Date: May 30, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *<u>/s/ Brenda González Horowitz</u>*
BRENDA GONZÁLEZ HOROWITZ
Assistant United States Attorney
United States Attorney's Office
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2512
Brenda.Gonzalez.Horowitz@usdoj.gov

*Attorneys for the United States of America*